IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNIVERSITY OF VIRGINIA PATENT FOUNDATION<br><br>*Plaintiff,*<br><br>v.<br><br>GENERAL ELECTRIC COMPANY d/b/a GE HEALTHCARE and PHILIPS ELECTRONICS NORTH AMERICA CORP. d/b/a PHILIPS HEALTHCARE<br><br>*Defendants.* | §§§§§§§§§§§§§§ No. _____<br><br>JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff University of Virginia Patent Foundation brings this action for patent infringement against Defendants General Electric Company d/b/a GE Healthcare and Philips Electronics North America Corp. d/b/a Philips Healthcare, and alleges as follows:

### I. THE PARTIES

1. Plaintiff University of Virginia Patent Foundation ("UVAPF") is a not-for-profit Virginia corporation having a principal place of business at 250 West Main St., Suite 300, Charlottesville, Virginia 22902.

2. Defendant General Electric Company is a New York corporation having a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06828, where it may be served. General Electric Company does business as GE Healthcare, which is a wholly owned

business unit thereof. General Electric Company d/b/a GE Healthcare is hereinafter referred to as "GE Healthcare."

3. Defendant Philips Electronics North America Corp. is a Delaware corporation having a principal place of business at 1251 Avenue of the Americas, New York, New York 10020, where it can be served. Philips Electronics North America Corp. does business as Philips Healthcare, which is a wholly owned division thereof. Philips Electronics North America Corp. d/b/a Philips Healthcare is hereinafter referred to as "Philips Healthcare."

## II. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction exists generally over GE Healthcare because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Virginia and within the Western District of Virginia. Personal jurisdiction also exists specifically over GE Healthcare because of its conduct in selling and offering to sell infringing products within the State of Virginia and within the Western District of Virginia.

6. Personal jurisdiction exists generally over Philips Healthcare because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Virginia and within the Western District of Virginia. Personal jurisdiction also exists specifically over Philips Healthcare because of its conduct in selling and offering to sell infringing products within the State of Virginia and within the Western District of Virginia.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

## III. PATENT INFRINGEMENT

8. UVAPF is the owner of all rights, title, and interest in and under United States Patent No. 5,245,282 ("the '282 Patent"), which duly and legally issued on September 14, 1993.

9. The '282 Patent describes and claims methods for three-dimensional magnetic resonance imaging. A true and correct copy of the '282 Patent is attached hereto as **Exhibit A**.

10. The '282 Patent is valid and enforceable.

11. GE Healthcare has infringed and continues to infringe the '282 Patent by practicing the methods of the '282 Patent and by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, MRI scanners that practice the methods of the '282 Patent.

12. Philips Healthcare has infringed and continues to infringe the '282 Patent by practicing the methods of the '282 Patent and by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, MRI scanners that practice the methods of the '282 Patent.

13. Through such direct acts of infringing the '282 Patent, GE Healthcare and Philips Healthcare have also induced infringement of the '282 Patent under 35 U.S.C. § 271(b), and have contributed to the infringement of the '282 Patent under 35 U.S.C. § 271(c).

14. As a direct and proximate result of GE Healthcare and Philips Healthcare's acts of patent infringement, UVAPF has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

15. GE Healthcare and Philips Healthcare have knowingly and willfully infringed the '282 Patent.

16. UVAPF has no adequate remedy at law against these acts of patent infringement. Unless GE Healthcare and Philips Healthcare are permanently enjoined from their unlawful and willful infringement of the '282 Patent, UVAPF will suffer irreparable harm.

## IV. PRAYER FOR RELIEF

UVAPF respectfully requests that judgment be entered in its favor and against the Defendants and that the Court grant the following relief to UVAPF:

A. A judgment that GE Healthcare and Philips Healthcare have infringed and continue to infringe the '282 Patent;

B. A judgment that GE Healthcare's and Philips Healthcare's infringement has been willful;

C. A judgment against GE Healthcare and Philips Healthcare awarding damages to UVAPF to which it is entitled for patent infringement;

D. A preliminary and thereafter a permanent injunction against GE Healthcare's and Philips Healthcare's infringement of the '282 Patent;

E. A judgment that this is an exceptional case and that UVAPF be awarded its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

F. A judgment that UVAPF be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284; and

G. A judgment awarding interest on UVAPF's damages and such other relief as the Court deems just and proper.

## V. JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, UVAPF asserts its rights under the Seventh Amendment of the United States Constitution and demand a trial by jury on all issues.

Dated: May 20, 2008.

Respectfully submitted,

**BOYLE BAIN REBACK & SLAYTON**
C. Connor Crook
VSB #71599
420 Park Street
Charlottesville, Virginia 22902
(434) 979-7900 Telephone
(434) 293-5017 Facsimile

**SHORE CHAN BRAGALONE LLP**
Joseph F. DePumpo (*pro hac vice* application to be filed)
Alfonso G. Chan (*pro hac vice* application to be filed)
Justin B. Kimble (*pro hac vice* application to be filed)
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
UNIVERSITY OF VIRGINIA PATENT FOUNDATION